Common Pleas Court of Hamilton County.

LUCY K. FIELDS V. INGALLS BLDG. CO.

Decided November 10, 1932.

*P. S. Phillips,* and *F. E. Burnett,* for plaintiff in error.
*John L. Sanger,* for defendant in error.

STRUBLE, J.

This cause is before the court on petition in error to the Municipal Court of the city of Cincinnati.

The action in the court below was for the recovery of possession of the property described in the bill of particulars, and for rent due for the use and occupancy of said premises.

The court below entered a judgment repossessing the plaintiff in the property, and rendered a judgment against the defendant for rental for said property for the months of April, May, June and July, 1932, totaling $985.00.

The defendant below was at the time of the trial in possession of the property described in the bill of particulars under a written lease for a term of three years, beginning the first day of January, 1932, at an annual rental of $300.-00 per month.

The error of the trial court particularly emphasized is that the Municipal Court did not have jurisdiction for the reason that the defendant below was holding possession of the property under a written lease. The claim of counsel for the plaintiff in error being that it was necessary to have a judgment of forfeiture of the lease in the Common Pleas Court as a condition to the Municipal Court having jurisdiction in forcible detainer.

Counsel for the plaintiff in error calls the court's attention to *Baughman* v. *Bounds*, 29 N. P. N. S. 544, in which case the court holds "A justice of the peace is without jurisdiction to hear a suit in forcible entry and detainer where the tenancy is under a written lease, duly executed and recorded."

The court's attention has been called also to the case of *State ex rel Kennelly* v. *Miller*, 38 O. L. R. 225.

The court has studied these two cases in connection with other cases bearing on the general subject matter, and concludes that the test of the jurisdiction of the Municipal Court in a forcible detainer case depends upon whether or not the written lease contains provision for the forfeiture of the lease and for a re-entry and recovery of the premises in the event of a failure to pay the rentals under such lease.

The written lease under which the plaintiff in error is holding possession of the premises contains such a provision. By the express terms of said lease the lessor had the right to re-enter and take possession of the premises in case of a default for longer than ten days in the payment of the rent.

It seems to this court that this being the fact, the Municipal Court had jurisdiction of this case.

It is quite fundamental that in a forcible detainer case a justice of the peace does not have jurisdiction where the title to the real estate is involved; where the title to the real estate is involved the court must determine the equitable rights of the parties, and a justice of the peace is without equity jurisdiction, hence he has no right to try such a case.

Where the parties to a written lease by express provisions in the lease agree upon conditions which entitle the lessor to re-enter and repossess the property, the question for the court is merely as to whether or not there has been a breach of such condition in the lease.

The question in the pending case for the trial court to determine was merely whether there had been a default of the rentals. The fact having been determined in the affirmative the written lease became a nullity at the option of the lessor, and the lessee was in possession of the property and was holding possession without authority.

In such a situation there is no involvement of the title to the property. It is not necessary to determine any equitable

rights between the parties in order to decide the mere fact as to whether or not there has been a default in the payment of rent.

Judge Hornbeck in the Kennelly case, cited above, compares the decisions bearing upon the general subject matter, and clearly indicates the rule whereby to test the question as to whether or not in a forcible detainer case the title to real estate is involved, and my holding in the pending case I feel is in harmony with the rule announced by him.

The judgment of the Municipal Court is affirmed on the authority of *Kennelly* v. *Miller, supra.*